UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Adam Roy Rollins, | ) | Case No. 7:23-cv-03658-TMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| John Doe #1, John Doe #2, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Adam Roy Rollins ("Plaintiff"), proceeding pro se, brings this civil action against the above-named Defendants. All pretrial proceedings in this matter were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C.

This matter is before the Court for screening of Plaintiff's Amended Complaint. [Doc. 23.] Also before the Court is Plaintiff's motion to transfer venue. [Doc. 25.] Upon review, the undersigned concludes that this action should be transferred to the United States District Court for the Western District of North Carolina.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action on July 28, 2023, by filing a handwritten document that was construed as a complaint filed pursuant to 42 U.S.C. § 1983 along with certain attachments. [Docs. 1; 1-1; 1-2.] Thereafter, in compliance with this Court's Order dated August 1, 2023 [Doc. 5], Plaintiff filed a complaint on the standard form [Doc. 1-4]. The Court construed both the original handwritten document and the standard form together as the Complaint filed in this matter but concluded that the Complaint was subject to

summary dismissal. [Doc. 21.] Accordingly, the undersigned entered an Order dated October 31, 2023, notifying Plaintiff that his Complaint was subject to summary dismissal and affording Plaintiff an opportunity to file an amended pleading to cure the deficiencies identified in the Court's Order. [*Id*. at 7–8.]

On November 16, 2023, Plaintiff filed an Amended Complaint. [Doc. 23.] Additionally, Plaintiff filed a motion to transfer the case to the Western District of North Carolina. [Doc. 25.] That motion is ripe for review.

**Factual Allegations**

Plaintiff makes the following pertinent allegations in his Amended Complaint. [Doc. 23.] Plaintiff contends his constitutional rights were violated in that Defendants engaged in excessive use of force, deliberate indifference, and reckless disregard. [*Id*. at 4.] Defendants are officers with the North Carolina Highway Patrol. [*Id*.] On September 7, 2020, in Henderson County, North Carolina, while Plaintiff was joyriding on his motorcycle, Defendant John Doe # 2 barricaded Plaintiff and caused a collision. [*Id*. at 5.] Defendant John Doe # 1 then pulled his police vehicle onto Plaintiff's body, breaking his ribs and puncturing his lungs. [*Id*. at 6.]

Plaintiff contends he suffered various injuries including a broken arm, broken ribs, a broken ankle, a torn liver, road rash, and a broken scapula. [*Id*.] He had to undergo liver surgery and have his left arm reconstructed with plates, screw, and pins, as well as have staples and stitches. [*Id*.] For his relief, Plaintiff seeks $3 million in damages due to his physical injuries, emotional damages, and pain and suffering. [*Id*.]

Plaintiff also has attached documents to his Amended Complaint containing additional allegations concerning his claims.  [Docs. 23-1; 23-2; 23-3.]

## STANDARD OF REVIEW

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, Plaintiff's Complaint is subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening the lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be

3

granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Plaintiff also filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Finally, this Court possesses the inherent authority to review the pro se pleadings to ensure that subject matter jurisdiction exists and that a case is not frivolous. *See Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction"); *Doiley v. Lieber Corr. Inst.*, No. 2:07-cv-3969-PMD, 2008 WL 190637, at *1 (D.S.C. Jan. 17, 2008) (explaining a plaintiff's "claims are subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that subject matter jurisdiction exists" even where the pro se plaintiff paid the filing fee and did not seek to proceed in forma pauperis).

## DISCUSSION

As noted, Plaintiff has filed a motion to transfer this action to the proper judicial district. [Doc. 25.] In his motion, Plaintiff explains that he was informed that the United States District Court for the District of South Carolina lacks personal jurisdiction over the

4

Defendants named in this case. [*Id*.] Plaintiff contends that, having researched the issue, he now realizes that this case should have been filed in the District where the Defendants reside and where the actions occurred. [*Id*.] As such, Plaintiff asks the Court to transfer the case to the "District of North Carolina, Asheville Division under Judicial Code Section 1406(a)." [*Id*.]

The undersigned notes that the appropriate judicial district referenced by Plaintiff appears to be the United States District Court for the Western District of North Carolina. Further, the Court construes Plaintiff's motion as one seeking to transfer venue pursuant to 28 U.S.C. § 1406(a).

**Venue Law**

28 U.S.C. § 1391(b) provides that the proper venue for a plaintiff to pursue a claim in a diversity action, such as the present case, lies in

> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005).

5

"When a plaintiff files an action in the wrong venue, 28 U.S.C. § 1406(a) directs courts to 'dismiss, or if it be in the interest of justice, transfer such case' to the proper venue."[1]  *Levi v. Harris Teeter, LLC*, No. 4:16-cv-1083-RBH-TER, 2016 WL 4942057, at *2 (D.S.C. Aug. 25, 2016), *Report and Recommendation adopted by* 2016 WL 4911047 (D.S.C. Sept. 15, 2016).  The choice to dismiss or transfer a case afforded by 28 U.S.C. § 1406 lies within the sound discretion of the district court.  *See Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005).  Because federal district courts are vested with the inherent power to control and protect the administration of court proceedings, *see White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986), the district court has the power to consider sua sponte whether venue is proper, *see Harmon v. Sussex Cnty.*, No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1 (D.S.C. Nov. 13, 2017), *Report and Recommendation adopted by* 2017 WL 6498165 (D.S.C. Dec. 19, 2017).

**Venue Analysis**

The undersigned concludes that this Court is not the proper venue to entertain Plaintiff's claims.  Instead, a more appropriate venue is the United States District Court for the Western District of North Carolina.[2]  Thus, this case should be dismissed or transferred.  *See* 28 U.S.C. § 1406(a) (requiring that a case filed in an improper venue must be dismissed, or, if it is in the interest of justice, transferred to a district in which it

---

[1] Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C. § 1406.

[2] The Court expresses no opinion as to whether other districts might also be proper venues.

could have been brought).  As noted, Plaintiff has requested that the case be transferred and the undersigned concludes that would best serve the interests of justice for the reasons below.

Plaintiff is presently an inmate incarcerated at the Livesay Correctional Institution in Una, South Carolina.  [Doc. 23 at 2.]  Plaintiff alleges that Defendants are both police officers with the North Carolina Highway Patrol in Henderson, North Carolina.  [*Id*. at 4.]  Further, Plaintiff alleges that the events giving rise to his claims occurred in Henderson County, North Carolina.  [*Id*. at 5.]

Although Plaintiff filed this action in this Court, he now concedes that venue does not properly lie in this District.  The undersigned agrees and concludes that, based on the allegations noted above, this District is not the proper venue because Defendants appear to be citizens and residents of North Carolina and the events giving rise to the claims in this case occurred primarily in North Carolina.[3]  As such, it appears that venue for this action

---

[3] As Plaintiff apparently concedes, he cannot show that "a **substantial** part of the events or omissions giving rise to the claim occurred" in South Carolina.  28 U.S.C. § 1391(b)(2) (emphasis added).

> The test for determining venue [under § 1391(b)] is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim. In general, in determining whether events or omissions are sufficiently substantial to support venue under the amended statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action.  Rather, it should review the entire sequence of events underlying the claim.

*Flexible Techs., Inc. v. SharkNinja Operating LLC*, No. 8:17-cv-00117-DCC, 2018 WL 1175043, at *5 (D.S.C. Feb. 14, 2018) (citations and internal quotation marks omitted), *Report and Recommendation adopted by* 2018 WL 1158425 (D.S.C. Mar. 5, 2018).  Here, the entire sequence of events underlying the claims in Plaintiff's Complaint demonstrates

properly lies in the Western District of North Carolina and not in this District.  Accordingly, the Court finds that transfer pursuant to 28 U.S.C. § 1406(a) is appropriate.[4]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the District Court transfer this action to the Western District of North Carolina.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 21, 2023
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

---

that venue is not proper in this District.  *Id.* at *6.

[4] The undersigned further concludes that transfer rather than dismissal would best serve the interests of justice in this case.  Significantly, it appears that, if the Court were to dismiss this action rather than transfer it, Plaintiff's claims might be barred by the applicable statute of limitations.  Therefore, the case should be transferred rather than dismissed.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).