UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00018-MR

| ADAM ROY ROLLINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| JOHN DOE 1, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. 23]. Plaintiff is proceeding in forma pauperis. [Docs. 8, 19].

**I.  BACKGROUND**

Pro se Plaintiff Adam Roy Rollins ("Plaintiff") is a prisoner of the State of South Carolina currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina. [Doc. 31]. Plaintiff filed this action on July 28, 2023, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina, naming "State of North Carolina Highway Patrol Officers" as Defendants. [See Doc. 1 at 2]. On November 16, 2023, Plaintiff filed an Amended Complaint naming John Doe #1 and John Doe #2, both identified as N.C. Highway Patrolmen, as Defendants, in their individual and

official capacities.[1]  [Doc. 23 at 2-3].  On January 19, 2024, District Judge Timothy Cain adopted the Magistrate Judge's Report and Recommendation finding that this matter should be transferred here pursuant to 28 U.S.C. § 1406(a).  [Doc. 33].  The case was transferred here [Doc. 36] and is now before the Court on initial review.

In his Amended Complaint, Plaintiff alleges as follows.  On September 7, 2020, at approximately 11:30 p.m., Plaintiff was joyriding his motorcycle in Henderson County, North Carolina.  [Doc. 23 at 5].  As Plaintiff was coming around a curve, Defendant John Doe #2 "barricaded" him, causing Plaintiff to wreck "and getting injured to the point of almost losing [his] life." [Doc. 23-2 at 1].  As Plaintiff was lying on the ground bleeding "profoundly," Defendant John Doe #2 pulled his police vehicle "onto [Plaintiff's] body pinning [him] to the ground breaking ribs and collapsing [Plaintiff's] left lung."  [Id.].  Although Plaintiff's medical records from Mission Hospital state that he "wrecked during a High Speed Pursuit," Plaintiff was not aware of being pursued by police, never looked behind him, and never heard sirens or saw any blue lights.  [Id. at 2].  Plaintiff never received any citations or criminal charges related to the incident.  [Id.].

---

[1] Plaintiff states that he does not currently know the true identities of the Doe Defendants, and that he will substitute their true names after learning them through discovery.  [Doc. 23-1].

2

Plaintiff claims violation of his rights under the Fourth Amendment based on Defendants' alleged excessive force and deliberate indifference. [Id. at 4]. For injuries, Plaintiff alleges suffering various physical injuries, "emotional damage," and pain and suffering. [Id. at 6]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

3

Case 1:24-cv-00018-MR   Document 39   Filed 01/29/24   Page 3 of 7

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of 'seizures effectuated by excessive force.'" Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)). In this regard, the inquiry is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or other,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Jones v.

Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Here, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that Plaintiff's Fourth Amendment claim against Defendants in their individual capacities based on their alleged use of excessive force in stopping and (presumably) arresting Plaintiff is not clearly frivolous and survives initial review.

The Court, however, will dismiss Plaintiff's official capacity claims. Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. §§ 1915A and 1915(e) in accordance with the terms of this Order.

Before the Court can facilitate service on the Defendants, Plaintiff must identify John Doe #1 and John Doe #2 and Plaintiff must provide completed summonses for these Defendants. In this regard, Plaintiff may conduct pre-service discovery to identify these Defendants. Should Plaintiff be unable to identify the Defendants by name, he must submit on the summonses any and all information he knows that may assist in their identification and subsequent service on them.

Before Plaintiff begins pre-service discovery, he is strongly cautioned to carefully review the Standing Order of Instructions in this case, the Local Rules of this Court, and the Federal Rules of Civil Procedure. Given the improper letters Plaintiff has filed in this matter already [Docs. 17, 30], Plaintiff is also admonished that are further such letters will be stricken from the record in this matter.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourth Amendment excessive force claim against John Doe #1 and John Doe #2 in their individual capacities passes initial review. All remaining claims are

**DISMISSED** for Plaintiff's failure to state a claim for relief. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff shall identify Defendants John Doe #1 and John Doe #2 in accordance with the terms of this Order.

The Clerk is instructed to mail two (2) blank summonses to Plaintiff to fill out and identify the Defendants, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to timely effectuate service on the Defendants. When the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: January 29, 2024

Martin Reidinger
Chief United States District Judge