UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00018-MR

| ADAM ROY ROLLINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| JOHN DOE 1, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Amend" [Doc. 41] and "Motion to Subpoena Documents" [Doc. 42].

Pro se Plaintiff Adam Roy Rollins ("Plaintiff") is a prisoner of the State of South Carolina currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina. [Doc. 31]. Plaintiff filed this action on July 28, 2023, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina, naming "State of North Carolina Highway Patrol Officers" as Defendants. [See Doc. 1 at 2]. On November 16, 2023, Plaintiff filed an Amended Complaint naming John Doe #1 and John Doe #2, both identified as N.C. Highway Patrolmen, as Defendants, in their individual and official capacities. [Doc. 23 at 2-3]. In his Amended Complaint, Plaintiff alleged that on September 7, 2020, he was joyriding his motorcycle in

Henderson County, North Carolina. [Id. at 5]. As Plaintiff was coming around a curve, Defendant John Doe #2 "barricaded" him, causing Plaintiff to wreck and be severely injured. [Doc. 23-2 at 1]. As Plaintiff was lying on the ground bleeding "profoundly," Defendant John Doe #2 pulled his police vehicle "onto [Plaintiff's] body pinning [him] to the ground breaking ribs and collapsing [Plaintiff's] left lung." [Id.].

On January 19, 2024, this matter was transferred here. [Doc. 36]. On January 19, 2024, this Court conducted its initial review of Plaintiff's Amended Complaint. [Doc. 39]. The Court allowed Plaintiff's Fourth Amendment individual capacity claims against Defendants to proceed and dismissed Plaintiff's official capacity claims. [Id. at 5-7]. The Court ordered that Plaintiff must identify the Doe Defendants before the Court can facilitate service on them and advised Plaintiff that he may conduct pre-service discovery to identify these Defendants. The Court also advised Plaintiff that, should he be unable to identify the Defendants by name, he must submit on the summonses any and all information he knows that may assist in their identification and subsequent service on them. [Id. at 6].

Plaintiff now moves to amend his Amended Complaint because he has since learned that John Doe 1 is employed by the Henderson County Sheriff's Office and John Doe 2 is employed by the Polk County Sheriff's

2

Office, not the North Carolina Highway Patrol as alleged. [Doc. 41]. Plaintiff, however, did not submit a proposed Second Amended Complaint with his motion. Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

As noted, Plaintiff has not attached a proposed amended complaint to his motion. To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). The Court, therefore, will deny Plaintiff's motion without prejudice and instruct the Clerk to send Plaintiff a blank 1983 form.

Plaintiff also moves the Court to subpoena documents. [Doc. 42]. He asks the Court "to Subpoena all records and incident reports involving [his] accident on September 7th 2020," which he states "involved" the Polk County Sheriff's Office in Columbus, North Carolina, and the Henderson County Sheriff's Office in Hendersonville, North Carolina. [Id.]. Plaintiff states that the incident reports will help him identify the Defendants in his case. [Id.]. Plaintiff, however, submitted no proposed Subpoenas with his motion. The Court will, therefore, deny Plaintiff's motion without prejudice. The Court does not prepare subpoenas on the behalf of parties. It is Plaintiff's responsibility to prepare subpoenas in this matter and send them to the Court with a motion requesting that the Court direct the U.S. Marshal to serve them on Plaintiff's behalf. To that end, the Court will direct the Clerk to send Plaintiff two blank subpoenas to complete and return to the Court with the proper motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions [Doc. 41, 42] are **DENIED** without prejudice in accordance with the terms of this Order.

The Clerk is instructed to mail a blank 1983 form and two (2) blank Subpoenas Duces Tecum.

**IT IS SO ORDERED**.

Signed: February 16, 2024

Martin Reidinger
Chief United States District Judge