UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00018-MR

| ADAM ROY ROLLINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| JOHN DOE 1, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend [Doc. 45]; Plaintiff's "Motion to Subpoena Documents" [Doc. 44]; and on initial review of Plaintiff's Second Amended Complaint.

**I.    BACKGROUND**

Pro se Plaintiff Adam Roy Rollins ("Plaintiff") is a prisoner of the State of South Carolina currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina. [Doc. 31]. Plaintiff filed this action on July 28, 2023, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina, naming "State of North Carolina Highway Patrol Officers" as Defendants. [See Doc. 1 at 2]. On November 16, 2023, Plaintiff filed an Amended Complaint naming John Doe #1 and John Doe #2, both identified as N.C. Highway Patrolmen, as Defendants, in their individual and

official capacities. [Doc. 23 at 2-3]. In his Amended Complaint, Plaintiff alleged that on September 7, 2020, he was joyriding his motorcycle in Henderson County, North Carolina. [Id. at 5]. As Plaintiff was coming around a curve, Defendant John Doe #2 "barricaded" him, causing Plaintiff to wreck and be severely injured. [Doc. 23-2 at 1]. As Plaintiff was lying on the ground bleeding "profoundly," Defendant John Doe #2 pulled his police vehicle "onto [Plaintiff's] body pinning [him] to the ground breaking ribs and collapsing [Plaintiff's] left lung." [Id.].

On January 19, 2024, this matter was transferred here. [Doc. 36]. On January 19, 2024, Plaintiff's Fourth Amendment individual capacity claims survived initial review and the Court dismissed Plaintiff's official capacity claims. [Doc. 39]. The Court ordered that Plaintiff must identify the Doe Defendants before the Court can facilitate service on them and advised Plaintiff that he may conduct pre-service discovery to identify these Defendants. The Court also advised Plaintiff that, should he be unable to identify the Defendants by name, he must submit on the summonses any and all information he knows that may assist in their identification and subsequent service on them. [Id. at 6].

The Plaintiff recently moved to amend his Complaint after learning that Defendants are employed by the Polk County Sheriff's Office and Henderson

County Sheriff's Office, respectively, and not the North Carolina Highway Patrol. [Doc. 41]. The Court denied this motion without prejudice because Plaintiff did not submit a proposed Second Amended Complaint with his motion and admonished Plaintiff as follows:

> To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

[Doc. 43 at 3-4].

Plaintiff also previously moved the Court "to Subpoena all records and incident reports involving [his] accident on September 7th 2020," which he stated "involved" the Polk County Sheriff's Office in Columbus, North Carolina, and the Henderson County Sheriff's Office in Hendersonville, North Carolina. [Doc. 42]. Plaintiff, however, submitted no proposed Subpoenas with his motion. The Court, therefore, denied Plaintiff's motion without prejudice, instructing Plaintiff as follows:

> The Court does not prepare subpoenas on the behalf of parties. It is Plaintiff's responsibility to prepare subpoenas in this matter and send them to the Court with a motion requesting that the Court direct the

U.S. Marshal to serve them on Plaintiff's behalf.

[Doc. 43 at 4]. The Clerk sent Plaintiff two blank subpoenas to complete and return to the Court with the proper motion. [Id.].

## II. PLAINTIFF'S MOTIONS

Now pending are Plaintiff's motion to amend his Amended Complaint and motion to subpoena documents. [Docs. 44, 45]. As grounds to amend, Plaintiff states he recently discovered Defendants are employed by the Polk County Sheriff's Office and Henderson County Sheriff's Office. [Doc. 45]. Plaintiff submitted a proposed Second Amended Complaint with his motion. [Doc. 45-1]. The Court will grant Plaintiff's motion to amend his Complaint and will conduct initial review of Plaintiff's Second Amended Complaint below.

Plaintiff also moves the Court to subpoena documents. [Doc. 44]. He "request[s] the Court to Subpoena all Incident reports and records pertaining to [his] motorcycle wreck in Henderson County N.C on Sept. 7th 2020 at approx. 11:30 pm, from the Polk County Sheriff's office …, as well as Henderson County Sheriffs Office[,]" which "will assist [him in] identifying" the Doe Defendants. [Id. (errors uncorrected)]. This time, Plaintiff submitted nearly blank Subpoenas with his motion in which he only listed the parties to this action and the entities to which the Subpoenas are directed. [See 44-1

4

and 44-2]. Plaintiff failed, despite the Court's express instructions, to complete the Subpoenas. This means that he must specify what materials he wants produced and when and where he wants them produced <u>on the Subpoena form</u>. Again, the Court does <u>not</u> complete Subpoenas for the parties. The Court will allow Plaintiff one more opportunity to properly move the Court for assistance with the service of these Subpoenas. Should Plaintiff fail to comply with the terms of this Order, any future such motions may be summarily denied. The Court will instruct the Clerk to send Plaintiff two more blank Subpoena forms.

### III. INITIAL REVIEW OF THE SECOND AMENDED COMPLAINT

#### A. Background

In his Second Amended Complaint, Plaintiff names John Doe #1, employed by the Polk County Sheriff's Office, and John Doe #2, employed by the Henderson County Sheriff's Office, as Defendants in their individual capacities only. [Id. at 2]. Plaintiff alleges that, on September 7, 2020, at approximately 11:30 p.m. on Interstate 26 in Henderson County, North Carolina, "[he] was joyriding [his] motorcycle when John Doe #1 barricaded [him] and John Doe #2 pinned [him] to the ground with his vehicle." [Id. at 5]. Plaintiff claims Defendants violated his Fourth Amendment rights through the use of excessive force. [Id. at 3]. Plaintiff alleges to have suffered various

5

Case 1:24-cv-00018-MR    Document 46    Filed 03/18/24    Page 5 of 9

physical injuries and "possible PTSD" and seeks $3 million in damages. [Id. at 5].

## B. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## C. Discussion

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of 'seizures effectuated by excessive force.'" Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)). In this regard, the inquiry is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or others,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Here, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that Plaintiff's Fourth Amendment claim against Defendant John Doe #2 for the alleged use of excessive force in stopping and (presumably) arresting Plaintiff is not clearly frivolous and survives initial review. Plaintiff, however, has failed to state a Fourth Amendment claim against Defendant John Doe #1. That is, Plaintiff's bare allegation that Plaintiff was "joyriding" on his motorcycle and that Defendant John Doe #1 "barricaded" him does not reflect that any force was used, let alone excessive force. The Court, therefore, will dismiss Defendant John Doe #1 as a Defendant in this matter for Plaintiff's failure to state a claim for relief against him.

As before, Plaintiff must identify John Doe #2 and provide a completed summons before the Court can order service on him. As previously instructed, Plaintiff may conduct pre-service discovery to identify this Defendant. Should Plaintiff be unable to identify the Defendant by name, he must submit on the summons any and all information he knows that may assist in his identification and subsequent service on him.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Subpoena Documents [Doc. 44] is **DENIED** without prejudice in accordance with the

terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend [Doc. 45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment excessive force claim against John Doe #2 passes initial review and Defendant John Doe #1 is hereby **DISMISSED** as a Defendant in this matter for Plaintiff's failure to state a claim for relief against him. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff shall identify Defendant John Doe #2 in accordance with the terms of this Order.

The Clerk is respectfully instructed to docket Doc. No. 45-1 as Plaintiff's Second Amended Complaint.

The Clerk is also instructed to mail the Plaintiff two (2) blank Subpoenas Duces Tecum forms.

**IT IS SO ORDERED**.

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge