UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:24-CV-018-MR-DCK

| ADAM ROY ROLLINS, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| JOHN DOE #2, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Amend" (Document No. 55), Plaintiff's "Motion to Inform" (Document No. 56), and on initial review of Plaintiff's Third Amended Complaint (Document No. 55-1). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

## I. BACKGROUND

*Pro se* Plaintiff Adam Roy Rollins ("Plaintiff") is a prisoner of the State of South Carolina currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina. (Document No. 31). Plaintiff filed this action on July 28, 2023, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina. (Document No. 1). On January 19, 2024, this matter was transferred here. (Document No. 36). After twice amending his Complaint, Plaintiff's Fourth Amendment excessive force claim against Defendant John Doe #2 survived initial review. (Document Nos. 23, 46, 47). The other remaining Defendant, John Doe #1, was dismissed at that time. (Document No. 46, pp. 8-9). Plaintiff then conducted pre-service discovery to identify the remaining Doe Defendant. See (Document Nos. 48-50; 3/28/2024 Text Order). Now before the

Court are Plaintiff's motion to amend his Complaint "to replace fictious name with the correct names" (Document No. 55), Plaintiff's proposed Third Amended Complaint (Document No. 55-1), and Plaintiff's "Motion to Inform" (Document No. 56), which simply provides a Summons to serve on the Defendant. The Court will grant Plaintiff's "Motion To Amend" and conduct its initial review of Plaintiff's Third Amended Complaint. Plaintiff alleges, in pertinent part, as follows:

> On September 7th, 2020 in Henderson County N.C, I was joyriding my motorcycle on I-26. After a while, I came around a curve, and was barricaded by a Henderson County Patrol car driven by Crystal Landers. I was thrown off my motorcycle onto the road. After being barricaded and already severly injured, Deputy Jonathan Luchak with the Polk County Sheriffs office pulled his patrol car onto my body pinning me to the ground. I suffered life threatening injuries including a laceration on my liver, internal bleeding, broken ulna, broken clavicle, broken ribs, punctured lung, as well as many other injuries resulting in multiple surgeries including Liver Surgery, Bowel Surgery, several screws and plates in my left arm, as well as Therapy for Post Traumatic Stress Disorder.

Document No. 55-1, p. 1. Plaintiff claims violation of his rights under the Fourth Amendment through the use of excessive force and "deliberate indifference." Plaintiff seeks monetary relief only. Id. at p. 2.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

2

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of 'seizures effectuated by excessive force.'" Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (quoting Schultz v. Braga, 455 F.3d 470, 476 (4th Cir. 2006)). In this regard, the inquiry is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "requir[ing] careful attention to the facts and circumstances in each particular case," including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or others,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Here, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, the Court finds that Plaintiff's Fourth Amendment excessive force claim

against Defendant Jonathan Luchak is not clearly frivolous and survives initial review. The Court will instruct the Clerk to substitute Jonathan Luchak for Defendant John Doe #2 in the docket in this matter. The Court will grant Plaintiff's "Motion to Inform" (Document No. 56) in that the Court will direct service by the U.S. Marshal.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Amend" (Document No. 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment excessive force claim against Defendant Luchak passes initial review. 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Inform" (Document No. 56) is **GRANTED** insofar as the Court will direct the U.S. Marshal to serve Defendant Luchak with the attached Summons (Document No. 56-1).

The Clerk is respectfully instructed to docket Document No. 55-1 as Plaintiff's Third Amended Complaint and to update the docket to reflect John Doe #2's true full name as Jonathan Luchak.

The Clerk is also respectfully instructed to direct the U.S. Marshal to effectuate service on Defendant Luchak using the Third Amended Complaint and the Summons at Document No. 56-1.

**SO ORDERED**.

Signed: July 1, 2024

David C. Keesler
United States Magistrate Judge

4