UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:24-CV-018-MR-DCK

| ADAM ROY ROLLINS, | ) |  |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) |  |
| JOHN DOE #2, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to Compel Production of Documents" (Document No. 57) and Plaintiff's "Motion To Inform" (Document No. 58). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

*Pro se* Plaintiff Adam Roy Rollins ("Plaintiff") is a prisoner of the State of South Carolina currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina. (Document No. 31). Plaintiff filed this action on July 28, 2023, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina. (Document No. 1). On January 19, 2024, this matter was transferred here. (Document No. 36). After twice amending his Complaint, Plaintiff's Fourth Amendment excessive force claim against Defendant John Doe #2 survived initial review. (Document Nos. 23, 46, 47). The other remaining Defendant, John Doe #1, was dismissed at that time. (Document No. 46, pp. 8-9). Plaintiff then conducted pre-service discovery to identify the remaining Doe Defendant. See (Document Nos. 48-50; 3/28/2024 Text Order). On March 28, 2024, the Court granted Plaintiff's Motion to Subpoena Documents and ordered the U.S. Marshal to serve Plaintiff's Subpoenas on the Henderson County Sheriff's Office and the Polk County

Sheriff's Office, respectively. (3/28/2024 Text Order). The Subpoenas, which commanded production of the requested documents "within 60 days of March 26th, 2024," were delivered to the U.S. Marshal for service the same day. (Document Nos. 49, 50). On April 24, 2024, the U.S. Marshal filed Returns of Service, which documented service on the Henderson County and Polk County Sheriff's Offices on April 1, 2024, and April 23, 2024, respectively. (Document Nos. 53, 54).

On May 24, 2024, Plaintiff moved to amend his Second Amended Complaint to substitute the true identity of John Doe #2. (Document No. 55). By separate Order, the Court ordered that Plaintiff's Third Amended Complaint passed initial review and ordered Jonathan Luchak to be substituted as the true, full name of Defendant John Doe #2.

Now pending is Plaintiff's "Motion to Compel Production of Documents" (Document No. 57) dated May 29, 2024, which the Court construes as a motion to compel compliance with subpoena. As grounds, Plaintiff asserts that the Henderson County Sheriff's Office has not "completed or acknowledged" his Subpoena requesting "all incident reports, videos, and anything related to [his] wreck." Id. Plaintiff asks the Court to compel the production of these materials. Id. Plaintiff, however, does not state that he conferred with the Henderson County Sheriff's Office about the production of these materials before he filed the pending motion. See id. Moreover, it does not appear that Plaintiff served the pending motion on the non-party Henderson County Sheriff's Office. See id.

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas on non-parties. Rule 45(a)(4) provides that notice and a copy of a subpoena commanding the production of documents must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). Local Rule 45.2 adds that notice and a copy of such subpoena "shall be

2

Case 1:24-cv-00018-MR-DCK   Document 63   Filed 07/02/24   Page 2 of 4

served on all other parties at least three (3) calendar days before the date on which the subpoena is served on the non-party." LCvR 45.2. The Court may alter this notice period. Id. Moreover, a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1). See Boukadoum v. Hubanks, 239 F.R.D. 427, 431 (D.Md. 2006) ("[W]here counsel subpoenas documents from a non-party, especially a healthcare provider, and the documents are not forthcoming on the appointed date, counsel must engage in a good faith effort to secure the non-party's compliance before filing a motion to compel and must certify to the effort as part of the motion to compel.").

The Court will deny Plaintiff's motion to compel compliance without prejudice. While the Court is inclined to overlook Plaintiff's failure to technically comply with the advance service requirements of Rule 45(a)(4) and Local Rule 45.2 considering Defendant's actual notice of the Subpoena, Plaintiff has failed to satisfy Rule 37(a)(1)'s certification requirement. Instead, Plaintiff waited only three (3) days after the expiration of the self-created deadline and immediately enlisted the Court's assistance. Furthermore, Plaintiff failed to serve the pending motion on the Henderson County Sheriff's Office. Should Plaintiff renew his motion to compel, he should serve the motion on the person from whom he seeks to compel records.

Also before the Court is Plaintiff's "Motion to Inform" (Document No. 58), in which Plaintiff purports to submit "pictures of the injuries sustained during [his] wreck … to have them documented & filed" to be used "as evidence" later in this case. The Court will strike this improper filing. While termed a "motion," Plaintiff seeks no relief therein. As Plaintiff was expressly advised in the Standing Order of Instructions, "[l]etters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." (Standing Order at ¶ 5). Moreover,

3

discovery materials should not be filed with the Court. Id. at ¶ 7. Should Plaintiff ultimately wish to submit these materials in support of or opposition to a summary judgment motion in this case, he may. Until then, Plaintiff is expressly admonished against filing any further "Motions To Inform" or other improper or frivolous filings in this matter.

**In this regard, Plaintiff is cautioned to review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further documents with this Court. Any future improper filings may be summarily dismissed and/or stricken from the record.**

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Compel Production of Documents" (Document No. 57) is **DENIED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Inform" (Document No. 58) is hereby **STRICKEN** from the record in this matter.

**SO ORDERED**.

Signed: July 1, 2024

David C. Keesler
United States Magistrate Judge