UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00018-MR-DCK

| ADAM ROY ROLLINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| JONATHAN LUCHAK, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Subpoena Documents From Non-Party" (Document No. 69) and Plaintiff's "Motion to Compel Production of Documents" (Document No. 70).

Pro se Plaintiff Adam Roy Rollins ("Plaintiff") is a prisoner of the State of South Carolina currently incarcerated at Ridgeland Correctional Institution in Ridgeland, South Carolina. (Document No. 67). Plaintiff filed this action on July 28, 2023, pursuant to 42 U.S.C. § 1983, in the United States District Court for the District of South Carolina. (Document No. 1). On January 19, 2024, this matter was transferred here. (Document No. 36). After twice amending his Complaint, Plaintiff's Fourth Amendment excessive force claim against Defendant John Doe #2 survived initial review. (Document Nos. 23, 46, 47). The other remaining Defendant, John Doe #1, was dismissed at that time. (Document No. 46 at 8-9). Plaintiff then conducted pre-service discovery to identify the remaining Doe Defendant. (See Document Nos. 48-50; 3/28/2024 Text Order). On March 28, 2024, the Court granted Plaintiff's Motion to Subpoena Documents and ordered the U.S. Marshal to serve Plaintiff's Subpoenas on the Henderson County Sheriff's Office and the Polk County Sheriff's Office, respectively. (3/28/2024 Text Order). The Subpoenas,

which commanded production of the requested documents "within 60 days of March 26th, 2024," were delivered to the U.S. Marshal for service the same day. (Document Nos. 49, 50). On April 24, 2024, the U.S. Marshal filed Returns of Service, which documented service on the Henderson County and Polk County Sheriff's Offices on April 1, 2024, and April 23, 2024, respectively. (Document Nos. 53, 54).

On May 24, 2024, Plaintiff moved to amend his Second Amended Complaint to substitute the true identity of John Doe #2. (Document No. 55). By separate Order, the Court ordered that Plaintiff's Third Amended Complaint passed initial review and ordered Jonathan Luchak to be substituted as the true, full name of Defendant John Doe #2.

On June 3, 2024, Plaintiff moved to compel compliance with his Subpoena on the Henderson County Sheriff's Office ("Sheriff's Office"), which had not responded to Plaintiff's Subpoena requesting "all incident reports, videos, and anything related to [his] wreck." (Document No. 57). Plaintiff asked the Court to compel the production of these materials. (Id.). Plaintiff, however, did not state that he conferred with the Sheriff's Office about the production of these materials before he filed his motion. (See id.). Moreover, Plaintiff failed to serve his motion on the non-party Sheriff's Office. (See id.). The Court denied Plaintiff's motion without prejudice for his failure to satisfy Rule 37(a)(1)'s certification requirement and his failure to serve the motion of the Sheriff's Office.[1] (Document No. 63 at 3). The Court advised Plaintiff that if he renewed his motion to compel, he should serve the motion on the person from whom he seeks to compel records. (Id.).

Now pending are Plaintiff's "Motion to Subpoena Documents From Non-Party"

---

[1] Additionally, the Court noted that it was inclined to overlook his failure to technically comply with the advance service requirements of Rule 45(a)(4) and Local Rule 45.2 considering Defendant's actual notice of the Subpoena. (Document No. 63 at 3).

(Document No. 69), which is in substance a request for blank subpoenas, and Plaintiff's "Motion to Compel Production of Documents" (Document No. 70), which is in substance a renewed motion to compel compliance with a subpoena. The Court will grant Plaintiff's request for two blank subpoenas and direct the Clerk to mail Plaintiff these forms. Once Plaintiff properly completes these subpoenas, he may send them to the Court with a motion requesting that the Court direct the U.S. Marshal to serve them on Plaintiff's behalf.

As grounds for Plaintiff's renewed motion to compel the Sheriff's Office to comply with Plaintiff's Subpoena, Plaintiff states that he served a Subpoena on the Sheriff's Office in April 2024 and received no response. (Document No. 70). Plaintiff further states that he attempted to confer with the Sheriff's Office at the end of July 2024 and received no response. In his motion, Plaintiff "certif[ies] that [he] attempted to confer with the Non-Party, in good faith effort to obtain the documents, but did not receive a response." (Id.). Plaintiff provides no further details regarding these efforts or any documentation thereof. (See id.). Contrary to the Court's express instruction, it again appears that Plaintiff failed to serve his motion on the non-party Sheriff's Office, as he includes no certificate of service or other indication that it has been so served.

For the sake of economy and because it appears Plaintiff did not serve the pending motion on the Sheriff's Department, the Court will grant Plaintiff's motion in part. The Court will order the Henderson County Sheriff's Department to either produce the requested records or file a motion to quash the Subpoena in accordance with Rule 45(d)(3) of the Federal Rules of Civil Procedure within fourteen (14) days of this Order.

Plaintiff, however, is admonished that future failures to comply with Orders of this Court, the Standing Order in this case, the Local Rules of this Court, or the Federal Rules of Civil Procedure may not be similarly overlooked and may result in summary denials or other sanctions.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Subpoena Documents From Non-Party (Document No. 69) is **GRANTED** in accordance with this Order and Plaintiff's Motion to Compel Production of Documents (Document No. 70) is **GRANTED IN PART** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the Henderson County Sheriff's Office shall within fourteen (14) days of this Order either **MOVE TO QUASH** the subject Subpoena or **PRODUCE** the requested documents to the Plaintiff at the following address:

Adam Roy Rollins
#345984
Ridgeland Correctional Institution
P.O. Box 2039
Ridgeland, South Carolina 29936

The Clerk is respectfully instructed to mail the Plaintiff two (2) blank Subpoena Duces Tecum forms and to send a copy of this Order and Document Nos. 49, 49-1, 53, 70 by certified mail to the:

Henderson County Sheriff's Office
100 N. Grove Street
Hendersonville, North Carolina 28792

**IT IS SO ORDERED**.   Signed: August 23, 2024

David C. Keesler
United States Magistrate Judge